Brian L. Greben, Esq.
LAW OFFICE OF BRIAN L. GREBEN
316 Great Neck Road
Great Neck, NY 11021
(516) 304-5357

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
TROY FLACK, on behalf of himself and
others similarly situated,                                       **CASE NO:**

            Plaintiffs,                        **COLLECTIVE ACTION AND**
                                                                **CLASS ACTION COMPLAINT**

               -against-

SANDS POINT GOLF CLUB, INC., ROBERT GLICK,
and ERIC BEAL,

             Defendants.
------------------------------------------------------------------X

Plaintiff, on behalf of himself and all others similarly situated, allege as follows:

1. Plaintiff, on behalf of himself and all others similarly situated, brings this lawsuit

seeking recovery against Defendants for Defendants' violations of the Fair Labor Standards Act,

29 U.S.C. § 201, *et seq*. ("FLSA").

2. Plaintiff, on behalf of himself and all others similarly situated, further brings this

lawsuit seeking recovery against Defendants for Defendants' violations of the New York Labor

Law, Art. 6, § 190 *et. seq*., and Art. 19, § 650 *et. seq.*, and the supporting New York State

Department of Labor regulations, 12 N.Y.C.R.R. § 142 (collectively "NYLL").

3. This lawsuit seeks to recover unpaid overtime compensation, unpaid regular

hourly wages pay, and statutory penalties for plaintiff and similarly situated current and former

employees (the "FLSA Collective Plaintiffs and Class Members").  The FLSA Collective

Plaintiffs and Class Members include similarly situated employees who are or were employed by

defendants as caddies and who were not adequately paid for the hours for which they were entitled to receive their regular hourly rate of pay.

4.      The FLSA Collective Plaintiffs and Class Members also include individuals who are or were employed by defendants as caddies and were not paid a premium rate for overtime hours, despite the fact that they did not qualify as exempt from the overtime laws and regulations under federal and state law.

5.      Plaintiff retained the Law Office of Brian L. Greben to represent Plaintiff, FLSA Collective Plaintiffs and Class Members in this litigation, and has agreed to pay the firm a reasonable fee for its services.

6.      Plaintiff's consent to sue form is attached hereto as Exhibit "A."

## JURISDICTION AND VENUE

7.      The Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the FLSA.  The Court has supplemental jurisdiction over the New York state law claims, as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

8.      Venue is proper in the district because Defendants reside in the district, Defendants conduct business in the district, and the acts and/or omissions giving rise to the claims herein alleged took place in the district.

## THE PARTIES

9.      Plaintiff Troy Flack is a resident of Archbold, Ohio.

10.      Defendant Sands Point Golf Club, Inc. ("Sands Point") is a Domestic Not-For-Profit Corporation with a main office located in Port Washington, New York.  Sands Point owes,

operates, maintains and controls a golf course, including grounds, facilities, and houses, located at 130 Middle Neck Road, Port Washington, New York.

11.     Defendant Robert Glick is Sands Point's Head Golf Professional and Caddiemaster, and was Mr. Flack's supervisor.

12.     Defendant Eric Beal is Sands Point's Assistant Caddiemaster, and was Mr. Flack's supervisor.

13.     Sands Point has an annual gross volume of sales in excess of $500,000.00.

14.     At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203.

15.     Defendants Robert Glick and Eric Beal (collectively, the "Individual Defendants") exercised control over the terms and conditions of the employment of Plaintiff, FLSA Collective Plaintiffs and Class Members.

16.     Individual Defendants had and continue to have the authority to hire and fire employees, and are in charge of budgeting issues, including payroll.

17.     Individual Defendants had control over Sands Point's day to day operations, and were actively involved in managing its operations.

18.     To the extent Defendants retained employment records, Individual Defendants exercised control over those records.

19.     All Defendants are hereinafter collectively referred to as "Defendants."

20.     Defendants are the former and current employers of Plaintiff and those similarly situated under the FLSA and the NYLL.

## FLSA COLLECTIVE ACTION ALLEGATIONS

21.     Plaintiff brings and seeks to prosecute FLSA claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 207, and 29 U.S.C. § 216(b), on behalf of all non-exempt persons employed by Defendants as caddies at any time on or after the date that is three years before the filing of the Complaint in this case as defined herein (the "Collective Action Period"), including all individuals who are or were employed by defendants as caddies and were not paid a premium rate for overtime hours and/or were not adequately paid for the hours for which they were entitled to receive their regular hourly rate of pay.  The members of the collective action include individuals who were employed by Defendants and whose job duties included, *inter alia*: carrying Sand Point's members' golf bags loaded with clubs and balls along a golf course; retrieving golf balls and identify players' individual balls on the course; cleaning Sand Point's members' golf clubs; transporting golf bags from members' cars to the clubhouse; and removing caddy carts from around the premises.

22.     At all relevant times, Plaintiff and the FLSA collective plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decisions, policies, plans and common policies, programs, practices, procedures, protocols, routines, and rules, including willfully failing and refusing to pay class members the minimum federal or state minimum wage, and willfully failing and refusing to pay class members one-and-one-half times their regular hourly rate for work in excess of forty (40) hours per workweek for work they provided thereafter. The claims of Plaintiffs are essentially the same as those of the FLSA Collective Plaintiffs.

23.     The FLSA Claims for Relief are properly brought under and maintained as an opt-in collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 207, and 29 U.S.C. § 216(b).

24.     The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice
and other purposes related to this action, their names and addresses are readily available from the
Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the
last address known to Defendants.

### RULE 23 CLASS ALLEGATIONS

25.     Plaintiff brings New York State law Claims for Relief pursuant to the Federal
Rules of Civil Procedure Rule 23, on behalf of all non-exempt persons employed by Defendants
as caddies at any time on or after the date that is six years before the filing of the Complaint in
this case as defined herein, including all individuals who are or were employed by defendants as
caddies and were not paid a premium rate for overtime hours and/or were not adequately paid for
the hours for which they were entitled to receive their regular hourly rate of pay.  The members
of the collective action include individuals who were employed by Defendants and whose job
duties included, *inter alia*: carrying Sand Point's members' golf bags loaded with clubs and balls
along a golf course; retrieving golf balls and identify players' individual balls on the course;
cleaning Sand Point's members' golf clubs; transporting golf bags from members' cars to the
clubhouse; and removing caddy carts from around the premises.

26.     All said persons, including Plaintiff, are referred to herein as the "Class." The
class members are readily ascertainable. The number and identity of the class members are
determinable from the records of Defendants. The hours assigned and worked, the positions held,
and the rates of pay for each Class member are also determinable from Defendants' records. For
purposes of notice and other purposes related to this action, their names and addresses are readily
available from Defendants. Notice can be provided by means permissible under said F.R.C.P. 23.

27.     The proposed Class is so numerous that joinder of all class members is

impracticable, and the disposition of their claims as a Class will benefit the parties and the court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are more than fifty (50) Members of the Class.

28.     Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the class members were subject to the same corporate practices of Defendants, as alleged herein, including willfully failing and refusing to pay class members the minimum federal or state minimum wage, and willfully failing and refusing to pay class members one-and-one-half times their regular hourly rate for work in excess of forty (40) hours per workweek for work they provided thereafter. Defendants' business-wide policies and practices affected all class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

29.     Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class.  Plaintiff is represented by an attorney who is experienced and competent in both Class Action litigation and employment litigation and has previously represented both plaintiffs and defendants in wage and hour cases.

30.     A Class Action is superior to other available methods for the fair and efficient adjudication of the controversy - particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate Defendants. Class Action treatment will permit a large number of similarly situated

persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual class members are small in the sense pertinent to a Class Action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a Class Action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a Class Action would result in a significant saving of these costs.  The prosecution of separate actions by individual Members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual Members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, Class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a Class Action.

31.     Upon information and belief, Defendants and other employers throughout the State violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class Actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

32.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

(a)     Whether Defendants paid the Class members the federal and state minimum wage for all hours worked;

(b)     Whether Defendants properly compensated Plaintiff and class members for overtime by paying them overtime pay for the hours worked in excess of forty (40) hours per workweek within the meaning of New York Labor Law, Art. 6, § 190 *et. seq*., and Art. 19, § 650 *et. seq.*, and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. § 142;

(c)     The nature and extent of the class-wide injury and the appropriate measure of damages for the Class;

(d)     Whether Defendants can prove that their unlawful policies were implemented in good faith; and

(e)     Whether Defendants failed to provide Plaintiffs and the Class the requisite wage notices and other documents required under the NYLL.

**<u>FACTS</u>**

33.     Mr. Flack was hired by the Sands Point Golf Club ("Sands Point") in April 2020 as a caddie working at Sands Point's golf course.

34.     The details of Mr. Flack's job duties and compensation were typical for caddies working at Sands Point.

35.     From the date of his hiring until he was physically unable to do the job and had to resign in November 2020, Mr. Flack worked for Sands Point seven (7) days per week from 7:00 am until 3:00 pm.

36.     Mr. Flack worked Tuesdays through Sundays at the Sands Point course.  He also worked "outings" on Mondays.

37.     Mr. Flack, like all caddies, began his day by removing golf carts and bringing them down from the barn.  Caddies would be responsible for moving and cleaning the golf carts throughout the day.

38.     Caddies' job duties involved, *inter alia*, carrying one or two golf bags loaded with clubs and balls (weighing up to seventy (70) pounds) along an eighteen (18) hole golf course for up to two rounds per day.

39.     Caddies were further obligated to retrieve golf balls and identify players' individual balls on the course.

40.     A typical round of golf lasts for up to four and one half (4.5) hours.  After finishing an "early" round, the caddies were expected to clean the member's golf clubs, then return to the clubhouse in the hope that one of the Individual Defendants would give them an additional assignment.

41.     Before and after a round of golf, when Mr. Flack (and the other caddies) were waiting for an assignment, management directed him to perform miscellaneous tasks, such as transporting bags from members' cars to the clubhouse or removing caddy carts from around the premises.

42.     Defendants did not pay anything to Mr. Flack or the other caddies for their grueling, physical labor.  Instead, defendants simply suggested to each Sands Point member that they pay their caddies at the rate of $120.00 per person, per round (although large groups were expected to pay slightly less).  These suggested rates – which were enumerated, but not actually paid, by defendants – were Mr. Flack and other caddies' only compensation.

43.    At all relevant times, Individual Defendants supervised Mr. Flack and the other caddies.  Individual Defendants had complete control over which, if any, members each caddie was assigned to assist.

44.    Individual Defendants assigned the caddies their hours and instructed the caddies to begin prior to the course's opening at 7:00 am.

45.    Although the caddies were theoretically allowed to leave work whenever they chose, in reality they were not permitted to leave until 3:00 pm at the very earliest.  Mr. Flack, like all of the caddies, was quickly made aware that if he left prior to 3:00 pm, management would assign him little, if any, work over the next few days.  Because defendants did not pay the caddies, this meant that each caddie had no choice but to work full days every day, otherwise they would find themselves without any income.

46.    Defendants did not pay Mr. Flack or the other caddies a premium rate for the hours he worked after having already worked forty (40) hours per week.

47.    Mr. Flack and the other caddies were expected to wear a uniform consisting of khaki shorts or pants, a white shirt with a collar, and a hat with Sands Point's logo.

48.    Mr. Flack and the other caddies had no managerial authority or any input with respect to the operations of the business.

49.    Mr. Flack and the other caddies did not: supervise any employees; have any input in the hiring, firing or discipline of employees; or exercise judgment in any meaningful respect.

50.    Mr. Flack and the other caddies had no independent discretion in the exercise of their job duties.

51.    Mr. Flack and the other caddies' positions with Sands Point did not qualify for the exemptions proscribed by the FLSA or the NYLL and supporting regulations, 12 N.Y.C.R.R. §

142–2.14.

52.     Defendants' handling of Mr. Flack's employment was typical of the manner in which Sands Point compensates its caddies.  Sands Point utilizes a deliberate scheme to avoid paying the caddies by mischaracterizing them as "independent contractors." Sands Point does this to a) avoid paying the caddies and b) make it appear that these "independent contractors" are exempt from the FLSA and NYLL's wage requirements when, in reality, their job duties do not qualify under any of the FLSA or NYLL's exemptions.

53.     Defendants did not pay Mr. Flack or the other caddies the federal or state minimum wage for their hours worked.

54.     Mr. Flack worked more than fifty six (56) hours per week throughout his employment.  Nonetheless, at no time did Sands Point pay him overtime at a rate of 1.5 times his regular hourly rate of pay for hours worked in excess of forty (40) hours per work week, as Sands Point was required to do under the FLSA, the NYLL, and supporting regulations.

55.     At all relevant times, Plaintiff, FLSA Collective Plaintiffs, and Class Members' employment at Sands Point has been under the direct oversight of Individual Defendants, who were and remains managers of Sands Point.

56.     At all relevant times, Individual Defendants had total operational control over Sands Point.

57.     Individual Defendants were in charge of all hiring/firing of caddies.  If employees needed a raise or a change in schedule, they would seek approval from Individual Defendants.

58.     Individual Defendants implemented and set the wage and hour policy of Sands Point, and would reprimand staff if they did not do their work properly.

59.     Plaintiff, FLSA Collective Plaintiffs, and Class Members' job duties do not

include hiring, firing, scheduling or disciplining of employees. Plaintiff did not set pay schedules of employees. Rather, Plaintiff's job duties were similar to those duties of non-exempt hourly employees in that Plaintiff's duties are void of meaningful independent discretion with respect to the exercise of his duties.

60.     Defendants knowingly and willfully operated their business with a policy of not paying caddies the federal or state minimum wage for their hours worked.

61.     Defendants knowingly and willfully operated their business with a policy of not paying caddies overtime at a rate of 1.5 times each employee's regular hourly rate.

62.     Defendants have not kept accurate records of wages earned or of hours worked by Plaintiff, FLSA Collective Plaintiffs and Class Members.

63.     Defendants have not furnished accurate records of wages earned or of hours worked by Plaintiff, FLSA Collective Plaintiffs and Class Members.

64.     Defendants have failed to furnish Plaintiff, FLSA Collective Plaintiffs and Class Members with accurate statements of wages, hours worked, rates paid, and gross wages.

65.     Defendants have failed to provide proper wage notices at the beginning of employment of Plaintiff, FLSA Collective Plaintiffs and Class Members, and annually thereafter.

## FIRST CLAIM FOR RELIEF

(FLSA Claims, 29 U.S.C. § 201, et seq.,
Brought by Plaintiffs on Behalf of Themselves,
the FLSA Collective Plaintiffs and Class members)

66.     Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs and Class members, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

67.     At all relevant times, Defendants have been, and continue to be, "employers"

engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203. At all relevant times, Defendants have employed caddies, including Plaintiff, the FLSA Collective Plaintiffs and Class members.

68.     Throughout the statute of limitations period covered by these claims, Defendants knowingly failed to pay Plaintiff the federal minimum wage for each hour worked.

69.     Defendants' failure to pay Plaintiff, the FLSA Collective Plaintiffs and Class members the minimum wage was willful within the meaning of the FLSA and federal regulations.

70.     Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs and Class members, seeks damages in the amount of his unpaid compensation, liquidated (double) damages as provided by the FLSA for minimum wage violations, attorneys' fees and costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

### SECOND CLAIM FOR RELIEF

(FLSA Overtime Violations,
29 U.S.C. § 201, *et seq*. Brought by Plaintiff on Behalf
of Themselves, the FLSA Collective Plaintiffs and Class Members)

71.     Plaintiff, on behalf of himself, the FLSA Collective Plaintiffs and Class Members, realleges and incorporates by reference all previous paragraphs.

72.     Throughout the statute of limitations period covered by these claims, the FLSA Collective Plaintiffs and Class Members regularly worked in excess of forty (40) hours per workweek and continue to do so.

73.     At all relevant times, Defendants operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay the Plaintiff, FLSA Collective Plaintiffs and Class Members

at one-and-one-half times their regular hourly rates for work in excess of forty (40) hours per workweek, even though Plaintiff, FLSA Collective Plaintiffs and Class Members have been and are entitled to overtime.

74.     At all relevant times, Defendants willfully, regularly and repeatedly failed to pay Plaintiff, FLSA Collective Plaintiffs and Class Members at the required overtime rates, one- and-one-half times their regular rates for hours worked in excess of forty (40) hours per workweek.

75.     Plaintiff, on behalf of himself, the FLSA Collective Plaintiffs and Class Members, seek damages in the amount of their respective unpaid overtime compensation, liquidated damages as provided by the FLSA for overtime violations, attorneys' fees and costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

### THIRD CLAIM FOR RELIEF

(New York State Minimum Wage Act,
New York Labor Law § 650 et seq. Brought by Plaintiff
on Behalf of Themselves, the FLSA Collective Plaintiffs and Class members)

76.     Plaintiff, on behalf of himself, the FLSA Collective Plaintiffs and Class members, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

77.     Defendants did not pay Plaintiff, FLSA Collective Plaintiffs and Class Members minimum wage for all hours worked.

78.     Throughout the statute of limitations period covered by these claims, Defendants knowingly failed to pay Plaintiff, FLSA Collective Plaintiffs and Class Members the New York State minimum wage for each hour worked. Defendants' failure to pay Plaintiff, FLSA Collective Plaintiffs and Class Members the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

79.    As a result of Defendants' willful and unlawful conduct, Plaintiff, FLSA

Collective Plaintiffs and Class Members are entitled to an award of damages, including

liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs

and attorneys' fees, as provided by N.Y. Lab. Law § 663.

### FOURTH CLAIM FOR RELIEF

(New York Overtime Violations,
New York Labor Law § 650 *et seq*.,
N.Y.C.C.R. § 142 *et seq*., N.Y.C.C.R. § 146 *et seq*.,
Brought by Plaintiff, FLSA Collective Plaintiffs and Class Members)

80.    Plaintiff, on behalf of himself, the FLSA Collective Plaintiffs and Class Members,

realleges and incorporates by reference all previous paragraphs.

81.    At all times relevant to this action, Plaintiffs were employees and Defendants

were employers within the meaning of NYLL.

82.    The overtime wage provisions of Article 19 of the NYLL and its supporting

regulations apply to Defendants.

83.    It is unlawful under New York law for an employer to suffer or permit a non-

exempt employee to work without paying overtime wages for all hours worked in excess of forty

(40) hours in any workweek.

84.    Throughout the class period, Defendants willfully, regularly and repeatedly failed

to pay Plaintiff, FLSA Collective Plaintiffs and Class Members at the required overtime rates,

one-and-one-half times their regular rates for hours worked in excess of forty (40) hours per

workweek.

85.    By failing to pay Plaintiff, FLSA Collective Plaintiffs and Class Members

overtime wages for all hours worked in excess of 40 hours per week, they have willfully violated

NYLL Article 19, § 650 *et seq*., and the supporting New York State Department of Labor

Regulations, including, *inter alia*, the regulations in 12 N.Y.C.R.R., Parts 142 and 146.

86.    As a result of Defendants' willful and unlawful conduct, Plaintiff, FLSA

Collective Plaintiffs and Class Members are entitled to an award of damages, including

liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs

and attorneys' fees, as provided by N.Y. Lab. Law § 663.

## FIFTH CLAIM FOR RELIEF

(New York Violations, NYLL §§ 195, 198 (1-b) *et seq*.)

87.    Plaintiff, on behalf of himself, the FLSA Collective Plaintiffs and Class Members,

realleges and incorporates by reference all previous paragraphs.

88.    Defendants have willfully failed to supply Plaintiff, FLSA Collective Plaintiffs

and Class Members with wage notices, as required by NYLL, Article 6, § 195(1), containing

their rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary,

piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if

applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6,

§ 191; the name of the employer; any "doing business as" names used by the employer; the

physical address of the employer's main office or principal place of business, and a mailing

address if different; the telephone number of the employer; plus such other information as the

commissioner deems material and necessary.

89.    Through their knowing and intentional failure to provide Plaintiff and the FLSA

Collective Plaintiffs and Class Members with the wage notices required by the NYLL,

defendants have willfully violated NYLL, Article 6, §§ 190 *et seq*., and the supporting New

York State Department of Labor Regulations.

90.    Due to defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiff and

the FLSA Collective Plaintiffs and Class Members are entitled to statutory penalties for defendants' failure to provide them with wage notices, plus, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b).

### SIXTH CLAIM FOR RELIEF
(New York Violations, NYLL §§ 195, 198 (1-d) *et seq*.)

91.     Plaintiff, on behalf of himself, the FLSA Collective Plaintiffs and Class Members, realleges and incorporates by reference all previous paragraphs.

92.     Defendants have willfully failed to supply Plaintiff and the FLSA Collective Plaintiffs Class Members with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

93.     Through their knowing and intentional failure to provide Plaintiff and the FLSA Collective Plaintiffs and Class Members with the accurate wage statements required by the NYLL, defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

94.     Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiff and the FLSA Collective Plaintiffs and Class Members are entitled to statutory penalties for Defendants' failure to provide them with wage notices, plus, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs and Members of the Class, prays for relief as follows:

A.      Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated Members of the FLSA opt-in Class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B.      Designation of Plaintiff as representatives of the FLSA Collective Plaintiffs;

C.      Designation of this action as a Class Action pursuant to F.R.C.P. 23;

D.      Designation of Plaintiff as representatives of the Class;

E.      An award of damages, according to proof, including punitive and liquidated damages, to be paid by Defendants;

F.      Penalties available under applicable laws;

G.      Costs of action incurred herein, including expert fees;

H.      Attorney's fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. § 663 and other applicable statutes;

I.      Pre-Judgment and post-judgment interest, as provided by law; and

J.      Such other and further legal and equitable relief as this Court deems necessary, just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of himself, the FLSA Collective Plaintiffs and Class Members, hereby

demands a jury trial on all causes of action and claims with respect to which they have a right.

Dated:  Great Neck, New York
September 19, 2023

                                        LAW OFFICE OF BRIAN L. GREBEN

                                        /s/ Brian L. Greben
                                  _____
                                  Brian L. Greben
                                  316 Great Neck Road
                                  Great Neck, NY 11021
                                  (516) 304-5357

## CONSENT TO SUE UNDER
### FEDERAL FAIR LABOR STANDARDS ACT

I am an employee currently or formerly employed by Sands Point Golf Club, Inc., Robert Glick, and Eric Beal, and/or related entities and/or individuals. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Professional Services Agreement signed by the named plaintiff(s) in this case.

Troy Flack
Full Legal Name

Signature

04/19/2023
Date