# LAW OFFICE OF BRIAN L. GREBEN

| | |
|---|---|
| **316 Great Neck Road** | **Office:   (516) 304-5357** |
| **Great Neck, NY 11021** | **Fax:       (516) 726-8425** |
| www.grebenlegal.com | brian@grebenlegal.com |

June 13, 2024

**Via ECF**
Judge Lee G. Dunst
United States District Court
Eastern District of New York
100 Federal Plaza, Courtroom 830
Central Islip, New York 11722

      Re: *Troy Flack v. Sands Point Golf Club, Inc., et al.*
         Case No. 23-cv-06940-PKC-LGD

Dear Judge Dunst:

  This joint letter is submitted on behalf of plaintiff and defendants in the above action. The parties jointly respectfully request that Your Honor approve the parties' proposed Settlement Agreement resolving plaintiff's claims in this action, including, without limitation, those arising under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"), attached as Exhibit "1," and dismiss this case with prejudice pursuant to the Stipulation annexed to the Settlement Agreement as Exhibit "A." *Cheeks v. Freeport Pancake House*, *Inc.*, 796 F.3d 199, 203 (2d Cir. 2015) *citing Lynn's Food Stores, Inc. v. United States Dep't of Labor*, 679 F.2d 1350, 1355 (11th Cir. 1982).[1]

**I.**  **Background: Wage Claims, Alleged Liability and Defenses**

  Plaintiff was a caddie at defendants' golf course.  Plaintiff alleges that he was defendants' employee, and that defendants failed to adequately compensate him in that the only compensation he received while working for them was tips from golfers.  The instant lawsuit seeks payment of regular and overtime wages, plus liquidated damages and statutory damages for defendants' alleged failure to provide mandatory employment documents.  Plaintiff alleges that he is owed $28,288.00 in compensatory damages, plus an equal amount in liquidated damages and $10,000.00 in statutory fines.  *See* the damages spreadsheet annexed hereto as Exhibit "2."

  Defendants deny plaintiff's allegations.  Specifically, they allege that plaintiff was an independent contractor, and therefore has no standing to bring claims against them under the FLSA or NYLL.  Additionally, in the event that any of the Defendants were deemed an employer of Plaintiff, it is Defendants' position that Plaintiff grossly exaggerated the scope of his claims.

---

[1] Defendants take no position with respect to Section IV (attorneys' fees), except to state that all parties believe the settlement is a fair and reasonable resolution of disputed issues.

Judge Lee G. Dunst
June 18, 2024
-2-

Defendants maintain that the evidence would demonstrate that Plaintiff worked a limited amount of overtime, if at all, and that Plaintiff worked several months less than he alleges. To that end, Defendants have produced confidential documents for settlement purposes only to support their contention. Moreover, Defendants assert that Plaintiff's wage notice and wage statement claims under NYLL § 195 are subject to dismissal for lack of Article III standing.

In sum, there is a bona fide dispute between the Parties regarding the merits of Plaintiff's wage and hour claims. The instant settlement constitutes the parties' effort to resolve same in an amicable fashion through arm's length bargaining.

II.   **Mediation and Settlement**

The parties participated in court-annexed mediation before Your Honor on April 29, 2024. During the mediation session, the parties discussed the strengths and weaknesses of their cases. This included discussions of the confidential documents exchanged for settlement purposes only. Defendants' production included work records suggesting that plaintiff began his work with defendants after, and ended prior to, the dates alleged by plaintiff. In the event Plaintiff establishes any employment relationship with Defendants, these records, if accepted as correct, will reduce defendants' exposure by several months. Although plaintiff denies the accuracy of these records, he recognizes that they pose a significant challenge to prosecution of his case. We further discussed the problems that Plaintiff will face in proving the number of hours he worked per day and the amount of the alleged underpayments.

Although the mediation session ended without a settlement (*see* ECF Doc. No. 23), negotiations continued after mediation, and the parties agreed upon a resolution last month. The parties reached an agreement that the entire matter will be settled for a total of $32,000.00, reflecting a compromise on the disputed issues outlined above (and is based on a figure suggested by Your Honor). The parties respectfully request that Your Honor approve the settlement and dismiss this action.

III.   **The Proposed Settlement Should be Approved**

A court may approve a settlement of FLSA claims where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174, at *2 (E.D.N.Y. June 12, 2008) (*quoting Lynn's Food Stores, Inc. v. United States*, 679 F.2d at 1354). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement." *Beckman v. KeyBank, N.A.*, 293 F.R.D. 467, 476 (S.D.N.Y. 2013) (Ellis, M.J.), *citing Lynn's Food, supra*, 679 F.2d at 1353-54. "Generally there is a strong presumption in favor of finding a settlement fair, [because] the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Lliauichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (Gorenstein M.J.) (internal quotation marks omitted).

The parties agree that many *bona fide* disputes exist regarding, *inter alia*, (1) defendants' defenses based on their employment records; (2) the amount of any potential regular and overtime wages based on the parties' vigorous dispute concerning hours allegedly worked; and

Judge Lee G. Dunst
June 18, 2024
-3-

(3) defendants' contention that plaintiff was an independent contractor. Plaintiff recognizes that it will be difficult to establish damages for the period at issue, because defendants possess employment documents indicating that plaintiff worked for a substantially shorter period than he alleges. If the matter proceeds to trial, there is a realistic chance that plaintiff will be awarded less than the amount of the current settlement, or even nothing at all.

Moreover, plaintiff has been struggling with serious medical issues over the last several months. Mr. Flack has had great difficulty working due to these issues while simultaneously dealing with growing medical expenses. Because of this, he is eager to put this lawsuit behind him as quickly as possible, and is not in a position to wait months in the hopes that he will obtain more money than he will receive through this settlement.

These facts, coupled with the relatively swift payout to plaintiff (as opposed to a speculative payment after years of litigation in the District Court), weigh in favor of settlement. Litigating damages can be and would be a fact-intensive process demanding in-depth and costly efforts by both parties. Without this settlement, both parties would need to spend significant amounts of time, money and expense for depositions and trial. Furthermore, there is no guarantee of success on either side. Given the uncertainty over the potential outcome, both parties were motivated to settle this dispute.

Considering the numerous risks in this case, including the risk of taking nothing, plaintiff and his counsel believe that this settlement is a good result for plaintiff, and it should be approved as fair. *See Meigel v. Flowers of the World, NYC, Inc.,* 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement."). This settlement constitutes a classic compromise of contested issues, reached based on arm's length negotiations between experienced FLSA/NYLL counsel. The terms of the Settlement Agreement are in accordance with *Cheeks*' admonitions relating to non-economic terms.

## IV.    The Attorneys' Fees Are Fair and Reasonable

Part of the settlement payment includes plaintiff's attorneys' fees in the amount of $10,532.56, which equals one-third of the settlement payment after expenses. Fees of one-third of the settlement are routinely approved in FLSA actions, and the parties agree that such fees and costs are fair and reasonable. Contingency fees of one-third in FLSA cases are routinely approved in this Circuit. *Santos v. EL Tepeyac Butcher Shop Inc.*, 15-CV-814, 2015 WL 9077172 at *3 (S.D.N.Y. Dec. 15, 2015). This one-third contingency - agreed upon by plaintiff in his retainer agreement and less than plaintiff's Counsel's lodestar relating to the FLSA/NYLL claims, as discussed below - is regularly approved in this circuit in similar cases. *See Chandler v. Total Relocation Services, LLC,* 15 Civ. 6791 (HBP), 2017 WL 3311229, at *4 (S.D.N.Y. Aug. 2, 2017)("Contingency fees of one-third in FLSA cases are routinely approved in this circuit."); *see also Najera v. Royal Bedding Co., LLC*, No. 13-CV-1767 (NGG) (MDG), 2015 WL 3540719, at *3 (E.D.N.Y. June 3, 2015) ("one-third contingency fees [] are commonly accepted in the Second Circuit in FLSA cases."); *Kochilas v. Nat'l Merch. Servs., Inc.*, No. 1:14-CV-00311 (LB), 2015 WL 5821631 (E.D.N.Y. Oct. 2, 2015) (awarding 33% of $60,000 in FLSA case, and stating that the "percentage-of-recovery method . . . is consistent with the trend

Judge Lee G. Dunst
June 18, 2024
-4-

in this Circuit."); *Rangel v. 639 Grand St. Meat & Produce Corp.*, 13 CV 3234 (LB), 2013 WL 5308277, at *1 (E.D.N.Y., Sept. 19, 2013) ("This fee arrangement [of one third of the settlement amount plus costs] is routinely approved by courts in this Circuit.").

Following *Goldberger v. Integrated Resources, Inc.*, 209 F. 3d 43 (2d Cir. 2000), the trend in the Second Circuit has been to apply the percentage method and to loosely use the lodestar method as a "cross check." *Id*. at 50. In calculating the lodestar for cross check purposes, the "hours documented by counsel need not be exhaustively scrutinized by the district court." *Id*. Rather, "the reasonableness of the claimed lodestar can be tested by the court's familiarity with the case . . . ." *Id*.

Plaintiff's counsel's lodestar documents are attached hereto as Exhibit "3." As noted therein, plaintiff's counsel worked at least 31.5 hours on this matter through the end of May 2024. At plaintiff's counsel's usual hourly rate of $400.00 per hour, plaintiff's attorneys' fees amount to $12,600.00 – substantially more than the $10,532.56, plus expenses (consisting solely of the $402 fee for commencing the instant action), that plaintiff's counsel will receive as a result of this settlement.

Plaintiff's counsel has been practicing law for nearly thirty (30) years. I have specialized in employment law, including FLSA/NYLL cases, since I opened my current practice in 2013. Since 2014, I have represented numerous plaintiffs in FLSA/NYLL cases such as this one, and have settled several FLSA/NYLL cases pending in the S.D.N.Y. and E.D.N.Y. My regular rate for representing plaintiffs in all of these FLSA/NYLL cases was $400 per hour. This hourly rate is commensurate, and probably less than, what attorneys in Great Neck, New York typically charge.

### V.  Conclusion

The parties reached a fair and reasonable settlement of all claims after exchange of discovery and corresponding settlement negotiations. The parties respectfully request that Your Honor approve the attached settlement and dismiss this action.

Very truly yours,

/s/ Brian L. Greben

Brian L. Greben

Encls.

cc:   Edward Grimmett, Esq. (via ECF)